Request of House of Representatives,
No. 4927.

OPINION OF THE JUSTICES.

Submitted April 3, 1961.

Answer returned April 4, 1961.

The following resolution adopted by the House of Representatives on March 21, 1961, was filed in this court on March 22, 1961:

"WHEREAS, the House of Representatives has pending before it the following bill:

. . .

"House Bill No. 190, An act in amendment of Chapter 328, Laws of 1951, creating the New Hampshire Business Development Corporation, and

. . .

"WHEREAS, questions have arisen concerning the constitutionality of this legislation, now therefore be it

"RESOLVED, That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question:

"1.   Do any provisions of said bill violate any provisions of the constitution of the state of New Hampshire?

. . .

"FURTHER RESOLVED, That the Speaker transmit ten copies of this Resolution together with ten copies of the foregoing House Bill to the Clerk of the Supreme Court for the consideration by said Court."

The following answer was returned.

*To the House of Representatives:*

The Justices of the Supreme Court make the following reply to your request for advice upon the question:   "Do any provisions

of [House Bill 190] violate any provisions of the constitution of the state of New Hampshire?"

House Bill 190 would amend Laws 1951, c. 328 incorporating the New Hampshire Business Development Corporation, primarily for the purpose of granting the corporation additional powers. The original act of incorporation authorized the Corporation to call upon banks and insurance companies which are "members" of the Corporation for loans to be utilized for business development.

House Bill 190 would authorize the Corporation to guarantee such loans, and would permit banks and other members to make loans upon the security of real estate or personal property mortgages up to 100% of the value of such security, where the excess of the loan above limits otherwise imposed upon such members has been guaranteed by the Corporation. The amendment would also authorize the Corporation to borrow from the U. S. Small Business Administration and to organize subsidiaries to qualify as small business investment companies under Congressional Act. 15 U. S. C. A., s. 681. Other provisions authorize it to increase its own capital stock, to revise its by-laws with respect to the election of directors, and define the responsibilities of member institutions under the amendment. Finally provision is made for acceptance of the amending act and defining the rights of dissenting stockholders, and of members voting against acceptance of the act. Your inquiry poses no specific question and no constitutional objections are apparent on the face of the bill. The act takes effect only upon acceptance by vote of the stockholders, and members, and provision is made to protect the rights of dissenters, and of "members" who vote against acceptance of the amendment. See *Lorenz* v. *Stearns,* 85 N. H. 494, 500-501; *appeal dismissed,* 287 U. S. 565.

The generality of your inquiry prompts us to accept the bill at face value, and limiting our answer to defects apparent upon the face of the bill our answer to your question is "no."

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

April 4, 1961.